# EXHIBIT A

## IN THE CIRCUIT COURT OF HINDS COUNTY
### FIRST JUDICIAL DISTRCT
### JACKSON, MISSISSIPPI

**ELWANDO BROWN**

**PLAINTIFF**

**V.**

CAUSE NO: 22-784

**VEOLIA WATER NORTH AMERICA OPERATING
SERVICES, LLC;
BRICE MASSEY;
KELVIN PETERS;
AND JOHN AND JANE DOES 1-5**

**DEFENDANTS**

### COMPLAINT
### (A JURY TRIAL IS DEMANDED)

COMES NOW Plaintiff, ELWANDO BROWN, (also referred to as Plaintiff) and brings this action against the captioned Defendant(s). Unless specifically stated "Defendant" or "Defendants" shall also refer to all Defendants, individually, separately, and collectively, as well as any Defendants to be named (to the extent Plaintiff agrees to proceed against them). As more specifically set forth below, Plaintiff has been subjected to race based discrimination, racial harassment as part of a hostile work environment, and retaliation. The actions of the Defendant described herein constitute violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* as amended, (hereafter also referred to as "Title VII" so as to include 4 U.S.C. § 1981a) and 42 U.S.C. § 1981 generally. This also alleges Mississippi State Law Claims. This is to allege Plaintiff is entitled to all recoverable costs, amounts, damages provided for by any laws implicated by the Complaint.

In support of Plaintiff's Complaint and causes of action set as forth therein, Plaintiff respectfully sets forth as follows:

1

## JURISDICTION AND VENUE

1.      At all relevant times hereto Defendant Veolia Water North America Operating Services, LLC has been an Employer engaged in an industry affecting commerce within the meaning of Section 701(b), through (h) of Title VII, 42 U.S.C. §2000e(b) through (h) (and any related subsections), and other relevant sections of law.  In the alternative and in addition, Defendants otherwise fall under the jurisdiction of (and is subject to) laws noted in this Complaint.  **Plaintiff specifically claims Plaintiff is entitled to recover all such available damages recoverable under all law referred to in this Complaint, all of which are sought pursuant to this Complaint whether or not specifically noted below.**

2.      This Honorable Court has jurisdiction over this matter and venue is proper under Mississippi Code Ann. § 11-11-3 because substantial acts and omissions giving rise to liability occurred in the above judicial district.  Further this Honorable Court has jurisdiction of this matter pursuant to Mississippi Code of 1972 § 9-7-81 (and/or otherwise has jurisdiction) and all amount in controversy requirements that have been met.  Plaintiff prays for relief at an amount to be determined at trial by jury, in excess of the minimum jurisdictional amounts of this Court. Jurisdiction and Venue are otherwise proper.

3.      All claims, sentences, statements, causes of action, paragraphs and theories of recovery are alleged in the alternative to each other, and also in addition to each other.  All matters are set forth while reserving the opportunity to provide additional or explaining details.  **FOR THE PURPOSES OF THE COUNTS BELOW – Plaintiff has chosen to contain Title VII claims and § 1981 claims in the same counts organized based on hostile work environment, retaliation, and disparate treatment.  That is to prevent redundancy in the allegations and also recognizes there are common elements to Title VII claims and § 1981 claims.**

2

Nevertheless the Counts based on the particular theories below are meant to include **separate claims** under Title VII and § 1981.

4.     Plaintiff has satisfied administrative conditions prior to the commencement of this action, by filing his Charge of Discrimination with the Equal Employment Opportunity Commission on or about May 2, 2022.  Plaintiff was issued a Right to Sue letter dated November 3, 2022 and received thereafter.  The Right to Sue, Charge and certain Statements by counsel to EEOC are attached ***Exhibit "A"*** and incorporated as though expressly set forth.

5.     **For the purposes of this Complaint, the civil rights violations, federal law violations, and wrongful employment practices perpetuated by Defendants (including but not limited to race discrimination, racial harassment, representations, retaliation, tortious interference, intentional infliction of emotional distress and all conduct, facts, occurrences, acts or omissions providing any basis for legal action) shall hereafter be referred to as "actionable conduct".**

6.     This is to allege both direct and/or vicarious liability on the part of all Defendants.  In addition to causes of action arising under Federal Law, this is to also allege certain claims under Mississippi Law.

## PARTIES

7.     Plaintiff, ELWANDO BROWN, is a resident of Brandon, Mississippi residing and domiciled during the time of the actionable conduct at 421 Lake Forest Road, Apt. 11-G, Brandon, MS 39042.

8.     VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC, does business in this judicial district and may be served with process by and through care of CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232 or wherever else Defendant, Veolia Water North America Operating Services, LLC may be found (and through

3

whatever agent and location Defendant may be served by). Plaintiff reserves the right to amend this Complaint to assure proper parties are before the Court, (and the proper registered agent is served and that the proper places of business are noted). This shall also serve as Plaintiff's motion to substitute parties, places of business, and registered agents, and to assure proper parties and party names are before the Court (when considering Plaintiff is moving forward with this action given time concerns, although is not readily determined from public information exactly how Defendant organized in-state operations).

9.      Defendant BRICE MASSEY is located at 815 Riverview Drive, Jackson, MS 39202 where he may be served in addition to any other location where he may be found.

10.     Defendant KELVIN PETERS is located at 3451 Timber Creek Dr. Byram, MS 39272 where he may be served in addition to any other location where he may be found.

11.     John and Jane Does are meant to refer to the proper party names, persons, or entities who may be otherwise responsible for the actionable conduct.

## FACTS

12.     Plaintiff worked for Defendant Veolia since on or about November 19, 2019 until present. Plaintiff was hired as a maintenance tech level 2 and performed those duties throughout Plaintiff's employment. Plaintiff is African American.

13.     Beginning shortly after Plaintiff started working, Plaintiff was subject to a hostile work environment containing racially based harassment in various forms.

14.     The harassment continued throughout that time in various forms as part of a continuing violation and pattern in practice carried out on behalf of the Employer on part of its business operations in Jackson Mississippi where Plaintiff preformed, among other things, duties associated with water treatment.

4

15. The harassment occurred through various persons as part of this continuing series of events including but potentially not limited to Defendants Kelvin Peters and Brice Massey.

16. The below is set for to provide various examples of harassment and discrimination that the Employer knew of and should have known, though Plaintiff reserves the right to provide other examples as this matter is ongoing. At all times, the Employer knew and should have known of the harassment and discrimination and that it did not stop but failed to adequately address or correct so as to finally put an end to it.

17. Kelvin Peters would frequently refer to African American people as "monkeys" as well as making other racist comments including but not limited to referring to black people as easy to replace.

18. Kelvin Peters commented on the fact Plaintiff had a "white girl" dropping him off to work. Racist comments were made on a regular basis throughout the time Plaintiff worked there by and through Kelvin Peters and Brice Massey.

19. Kelvin Peters would also state that black people can go back to Africa. He singled out Plaintiff and potentially other African American people using his authority to harass and discriminate.

20. On one occasion he had Plaintiff and another African American cut fence vines in the extreme heat with kaiser blades even though a blade was not suited to this task and the facility paid others for such maintenance.

21. On or about November 2019, Plaintiff had a work injury and was singled out by Peters for a drug test that Plaintiff passed. Peters stated he would not stop until Plaintiff was fired.

22. Kelvin Peters departed the employment on or about the Spring of 2020. Thereafter the conduct continued to be perpetuated by Brice Massey as part of an ongoing sequence of events

to present. Even though Peters departed, the harassment in the course and scope of employment by the Employer continued without interruption to present though new supervisor Brice Massy.

23.     Massey would often say that African American people could do what they want expressing frustration with that. He would also reference that "black folks" voted for Joe Biden and that is why gas prices are too high. He would express frustration saying that black folks did not vote for Trump. He referred to "black sons of bit****". He called African Americans "illiterate monkeys". He made the above comments regularly in various forms.

24.     He stated black people were good for working because they were strong and often referred to black people as a group. In addition, it is reasonably believed that he expressed racially discriminatory intent to potential witness, Julius Tindol, maintenance manager when referring to being sick of black s.o.b's or otherwise using racial terms. He referred to the African American Employees singling out their racial identity by collectively referring to them as "black guys."

25.     He would call black employees "pussies." He would refer to Plaintiff as "boy". Massey's conduct was widespread and ongoing throughout the time Plaintiff worked with him to present.

26.     Recognizing this conduct was occurring and from near the beginning of it, Plaintiff began complaining to the HR office multiple times about the treatment by Kelvin Peters beginning in January 2020. They often expressed doubt about what Plaintiff was saying regarding the regular racist comments. Plaintiff also told them that the harassers' conduct was unwelcome and offensive. Further, the conduct caused significant and severe emotional distress due to its extreme and outrageous nature. In addition, the conduct interfered with Plaintiff's work relationship with Veolia as the conduct was in bad faith and without right or justifiable cause. It unreasonably interfered with Plaintiff's work performance.

27.     It is reasonably believed that others called HR as well although Plaintiff continue to make his own attempts to reach HR as well through the time Brice Massey was over Plaintiff. Plaintiff also went to the plant manager Shannon Moore. Plaintiff complained about Massey's conduct multiple times but the conduct continued. At one point, Shannon Moore told and commanded Plaintiff saying that Plaintiff should not be complaining directly to HR and that all complaints should go through him.

28.     Following the perpetuation of the conduct by and through the above, and following Plaintiff's opposition to it, Plaintiff was subject to retaliation in the form of an escalating increasingly hostile work environment. Plaintiff was subject to continued animosity, anger, and opposition to complaints about the racist conduct.

29.     To the extent the Employer claims they conducted an investigation(s), they were clearly inadequate because it failed to stop the conduct.

30.     After complaining, Plaintiff was subject to regular allegations that Plaintiff wasn't doing his job right and claiming other unsupported performance issues. At one point, Plaintiff sought permission to leave which Plaintiff was granted. Brice Massey admitted that he lied to Shannon Moore when claiming Plaintiff didn't seek permission. Plaintiff got permission from Mr. Moore to leave ahead of time. Plaintiff reasonably believe other Caucasian employees were allowed to take vacation or leave without prior notice. Further, one or more Caucasian employees were not subject to the discriminatory, and harassing work environment described here. Plaintiff reserves the right to illustrate other retaliatory actions and unsupported allegations against him as discovery is ongoing. Plaintiff also refers to and relates to any statements by him or Counsel on his behalf to EEOC addressing claims of performance issues.

31.     After the above events and reports Plaintiff was thereafter threatened with termination and subject to significant hostile conduct as a result of Plaintiff's complaints causing an

extremely distressing environment from the severe conduct. In addition, throughout all relevant times, Plaintiff was treated differently than one or more non-African Americans who were not subject to the hostile conduct, allegations of violations and other results of a hostile work environment. Plaintiff was subject to disparate treatment when compared to non-African Americans in addition to being subject to a hostile work environment.

32.     Should Defendant Veolia claim Plaintiff failed to take advantage of or avail himself of corrective opportunities (which Plaintiff denies based on what Plaintiff reasonably understood to be available opportunities), Plaintiff was not unreasonable when considering all circumstances as a whole. (Plaintiff reserves the right to deny Plaintiff failed to adequately take advantage of or avail himself of corrective opportunities when all circumstances are considered as a whole). Plaintiff acted reasonably in reliance on Defendant Veolia when considering all facts and complained on multiple occasions.

33.     In the alternative to the above and in addition to the other allegations, Defendant Veolia did not communicate adequate policies, procedures and/or practices adequately and sufficiently. In the alternative and in addition, Defendant Veolia did not carry out adequate policies, procedures, and/or practices sufficiently and adequately. In the alternative and in addition, Defendant Veolia's policies, procedures, and/or practices were not adequate when considering all factors. In the alternative and in addition, Defendant Veolia offered one or more complaint procedures that were ineffective, and legally infirm.

34.     In the alternative and in addition to the allegations in the prior paragraph, the hostile and/or retaliatory work environment essentially allowed one or more inadequate avenues to complain. Plaintiff incorporates his EEOC charge attached hereto within **_Exhibit A_** as though expressly set forth.

8

35.     Defendant, Brice Massey operated at all times in the course and scope of employment when he engaged in significantly and severely distressing hostile and discriminatory conduct as more fully described above and as may be outlined further in discovery.

36.     Both individual Defendants are individually liable pursuant to the counts below under circumstances which also hold Veolia vicariously liable.

37.     In addition, Defendant, Kelvin Peters operated at all times in the course and scope of employment when he engaged in significantly and severely distressing hostile and discriminatory conduct as more fully described above and as may be outlined further in discovery.

38.     Plaintiff acted reasonably when considering all facts and how Plaintiff complained and attempted to have the environment addressed.

39.     Defendants' conduct directly and proximately resulted in all losses referred to herein. It was reasonably foreseeable Plaintiff would suffer the losses Plaintiff did as a result of actionable conduct which affected Plaintiff.

## CAUSES OF ACTION

### COUNT I:
### CLAIMS UNDER TITLE VII AND SEPARATELY UNDER 42 U.S.C. § 1981 FOR RACIALLY DISCRIMINATORY TERMS AND/OR CONDITIONS OF EMPLOYMENT - DISPARATE TREATMENT AGAINST ALL DEFENDANTS

40.     Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein. The claims alleged in this Count are alleged in the alternative, and in addition, to each other. They are alleged in the alternative, and in addition, to the claims in the other Counts as well. This Count is advanced against all Defendants because the actions of the individual Defendants, (even though not the employer) were perpetrated nevertheless and are also imputable vicariously to Defendant Veolia. The individual Defendants acted in the course and scope of employment at all times. Defendant Veolia is liable directly and vicariously. The individual

Defendants are therefore liable in addition to and/or in the alternative to liability which may be imposed vicariously to Veolia.

41.    Defendants are alleged to have violated Section 703 of Title VII, 42 U.S.C. § 2000e-2 *et seq.* as amended, as well as 42 U.S.C. § 1981a, in ways outlined in this Count and Complaint. Plaintiff seeks all damages available under all laws referred to in this Complaint.

42.    In the alternative and in addition, Defendants are alleged to have violated 42 U.S.C. § 1981 generally and bring causes of action under § 1981.

43.    Plaintiff was discriminated against with regard to the terms, conditions, and/or privileges of employment. Plaintiff was subject to disparate treatment when considering treatment of Plaintiff as compared to one or more similarly situated non- African American employees who were not subject to the actionable conduct referred to above.

44.    In the alternative and in addition, Plaintiff was required to work in an environment where concerns of discrimination were not adequately investigated, addressed, or corrected. Plaintiff was denied the privilege of employment of seeing Plaintiff's concerns of discrimination adequately investigated or addressed, which Plaintiff should have been able to reasonably expect. Defendants failed to adequately investigate, or address Plaintiff's complaints of the discriminatory environment which ultimately resulted in adverse employment action as well.  Plaintiff incorporates any of the above or below allegations in this Complaint reasonably providing a basis for claims in this Count.   Defendants failed in their duties to address Plaintiff's concerns when one or more non-African Americans were not subject to actionable conduct such as the kind Plaintiff alleges.

45.    In the alternative and in addition regardless of Defendants' treatment of others, Plaintiff was discriminated against regardless.

46.    As a direct and proximate result of Defendants' conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff

10

suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

47.    In the alternative and in addition, the unlawful actions of the Defendants were in reckless disregard for the statutory rights of Plaintiff. Plaintiff reserves the right to argue Defendants' actions were wanton, and/or willful. Defendants acted unreasonably.

## COUNT II:
## CLAIMS UNDER TITLE VII AND SEPARATELY UNDER 42 U.S.C. § 1981 FOR RETALIATION AGAINST ALL DEFENDANTS

48.    Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.  The claims alleged in this Count are alleged in the alternative, and in addition, to each other.  They are alleged in the alternative, and in addition, to the claims in the other Counts as well.  This Count is advanced against all Defendants because the actions of the individual Defendant, (even though not the employer) were perpetrated nevertheless and are also imputable vicariously to Defendant Veolia.  The individual Defendants acted in the course and scope of employment at all times.  Defendant Veolia is liable directly and vicariously.  The individual Defendants are liable in addition to and in the alternative to liability which may be imposed vicariously to Veolia.

49.    Plaintiff was treated adversely with regard to the terms and conditions of employment when Plaintiff was retaliated against by Defendants due to opposing conduct reasonably believed to be discriminatory. Plaintiff was retaliated against following the time Plaintiff complained.  Plaintiff was retaliated against by Defendants' open intentional failure to adequately investigate, or address Plaintiff's complaints referred to above, and by its failure to allow him to see Plaintiff's concerns investigated prior to Plaintiff's termination, and/or otherwise as a result of Plaintiff's complaints.   Plaintiff was retaliated against when Defendants engaged in adverse actions against Plaintiff for complaining.

11

50.     Plaintiff was retaliated against by an increasingly hostile work environment as a result of Plaintiff's complaints as more fully described above and in discovery.

51.     Defendants are alleged to have violated section 704 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3 *et seq.*, as amended including but not limited to the Civil Rights Act of 1991, 42 U.S.C. § 1981a, providing rights to broad recoverable damages, and/or all other provisions which would address the actionable conduct or provide remedies, therefore.   Defendants also violated 42 U.S.C. § 1981 generally and Plaintiff brings separate claims under § 1981.  Plaintiff had a right to be free from the effects of retaliatory practices in Plaintiff's employment relationship.

52.     Plaintiff makes separate claims for each act of retaliation perpetuated upon Plaintiff's following each separate time complaining.  Plaintiff makes separate claims under all laws applicable to his allegations for each act of retaliation referred to in this paragraph, this Complaint, and which may be illustrated in discovery.

53.     As a direct and proximate result of Defendants' conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

54.     In the alternative and in addition, the unlawful actions of the Defendants were in reckless disregard for the statutory rights of Plaintiff.  Plaintiff reserves the right to argue Defendants' actions were wanton, and/or willful. Defendants acted unreasonably.

**COUNT III:**
**CLAIMS UNDER TITLE VII AND SEPARATELY UNDER 42 U.S.C. § 1981 FOR**
**HOSTILE WORK ENVIRONMENT**

55.     Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.  The claims alleged in this Count are alleged in the alternative, and in addition, to each other.  They are alleged in the alternative, and in addition, to the claims in the other

Counts as well. This Count is advanced against all Defendants because the actions of the individual Defendant, (even though not the employer) were perpetrated nevertheless and are also imputable vicariously to Defendant Veolia. The individual Defendants acted in the course and scope of employment at all times. Defendant Veolia is liable directly and vicariously. The individual Defendants are liable in addition to and in the alternative to liability which may be imposed vicariously to Veolia.

56.     Defendants are alleged to have violated section 703 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq.* as amended, including but not limited to the Civil Rights Act of 1991, 42 U.S.C. § 1981a, providing rights to broad recoverable damages, and/or all other provisions which would address the actionable conduct or provide remedies therefore. Defendant also violated 42 U.S.C. § 1981 generally and Plaintiff brings separate claims under § 1981. Plaintiff had a right to be free from the effects of a racially hostile work environment in Plaintiff's employment relationship.

57.     Defendants subjected Plaintiff to a hostile work environment, severe or pervasive racial harassment, for which Defendant is legally responsible. All Defendants' harassment was also based on Plaintiff's complaints of conduct Plaintiff complained about and Plaintiff reserves the right to separate claims arising out of that conduct as well, regardless of the claims for a racially hostile work environment which are alleged in the alternative and in addition.

58.     Plaintiff was treated adversely as a result of racially based harassment.

59.     In the alternative and in addition Defendants are liable for harassment which Defendants failed to adequately promptly address and correct, even though Defendants knew of or should have known.

60.     Plaintiff makes separate claims for each act of racial harassment perpetuated upon Plaintiff.  Plaintiff makes separate claims under the above laws for each act of racial harassment referred to in this Complaint, and which may be illustrated in discovery.

61.     As a direct and proximate result of Defendants' conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

62.     In the alternative and in addition, the unlawful actions of the Defendants were in reckless disregard and/or deliberate indifference for the statutory rights of Plaintiff.  Plaintiff reserves the right to argue Defendants actions were wanton, and/or willful. Defendants acted unreasonably.

## COUNT IV
## BREACHES OF CONTRACT (EXPRESSED AND/OR IMPLIED TERMS) UNDER MISSISSIPPI LAW AGAINST DEFENDANT VEOLIA

63.     Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.  This Count is advanced against Defendant Veolia only.  Any reference to "Defendant" in this Count shall refer and relate only to Defendant Veolia.

64.     Plaintiff offered and/or promised to work for Defendant Veolia in return for that Defendant's agreement to pay.  There was mutual consideration in the form of these mutually exchanged promises.  Plaintiff reasonably, and should have reasonably, understood at the time of the agreement that Plaintiff would not be subject to the conduct referred to above which was discriminatory and harassing.  Plaintiff's understanding was in part due to a reasonable understanding of what Plaintiff should expect in a reasonable work environment.  There was an offer and acceptance, mutual assent to terms and conditions referred to in this Count, and consideration.  There was a binding contract.

65.     In the alternative and in addition, Defendant represented that it did not tolerate conduct such as the kind which actually occurred.  Defendant did not adequately address the conduct, and Defendant instead allowed conduct which Plaintiff reasonably understood should not have been allowed within the work environment.

66.     The contract between Plaintiff and Defendant not only contained expressed terms through Defendant's own policies indicating that Defendant would not accept (and would promptly address actionable conduct) such as the kind which occurred, but it also contained an implied covenant of good faith and fair dealing, wherein Plaintiff should not have reasonably been expected to be subject to conduct such as the kind which occurred.  That is, the terms of Defendant's policies and representations were reasonably relied upon by Plaintiff as being part of Defendant's contractual obligations, and Defendant did not adhere to them.  Defendant breached the implied covenant of good faith and fair dealing as well.

67.     In the alternative and in addition, Defendant did not adhere to the expressed and/or implied terms of its agreement with Plaintiff when subjecting Plaintiff to retaliatory actionable conduct following Plaintiff's complaints of the actionable conduct.

68.     As a direct and proximate result of the breaches referred to above, Plaintiff suffered and will suffer damages as more fully described below.

## COUNT V
## INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS
## UNDER MISSISSIPPI LAW

60.     Plaintiff re-alleges and incorporates all provisions above and below as if fully incorporated.  The claims in this Count alleged in the alternative, and in addition, to each other.  They are alleged in the alternative, and in addition, to the claims in the other Counts.

70.     Defendants' actions as more fully described above and as may be described in discovery constituted wanton, willful conduct invoking outrage and/or revulsion.  The conduct was

extreme and outrageous so as to support the claim for intentional affliction of emotional distress. The conduct was perpetrated intentionally Plaintiff in fact suffered, and it was reasonable for her to suffer, significant and severe emotional distress. Plaintiff reserves the right to outline the conduct supporting this claim in discovery.

71.    The individual Defendants perpetuated conduct within the course and scope of employment under circumstances Defendant Veolia knew of and/or should have known such that all Defendants are outside the protection of the Mississippi Workers' Compensation Act. Defendant Veolia is vicariously liable for all damages, losses, and effects of the conduct referred to in this Count. In addition, the individual Defendants are individually liable regardless of any liability of Veolia. Not only are the individual Defendants liable for their own conduct and Defendant Veolia liable vicariously for their conduct, but Veolia perpetuated extreme and outrageous behavior by its failure to adequately address and correct the conduct as well as by the allowance of a hostile work environment which continued under circumstances it knew and/or should have known.

72.    The losses and damages suffered as a result of the claims in this Count are meant to include all categories and types of damages otherwise mentioned in this Complaint, as well as otherwise available pursuant to any laws implicated by the facts and allegations of this Complaint.

### COUNT VI
### TORTIOUS INTERFERENCE WITH EMPLOYMENT RELATIONSHIP AND/OR CONTRACTUAL RELATIONS AND/OR BUSINESS RELATIONS UNDER MISSISSIPP LAW AGAINST INDIVIDUAL DEFENDANTS MASSEY AND PETERS, RENDERING DEFENDANT VIOLIA VICARIOUSLY LIABLE, IN THE ALTERNATIVE AND IN ADDITION TO INDIVIDUAL LIABILITY ON THE PART OF MASSEY AND PETERS

73.    Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein. The claims alleged in this Count are alleged in the alternative, and in addition, to each other. They are alleged in the alternative, and in addition, to the claims in the other Counts as well.

16

74.    The Individual Defendants worked in the course and scope of employment and occupied positions of responsibility.  The individual Defendants acted in bad faith.  In the alternative and in addition, they acted without right or good cause though they acted in the course and scope of employment and with authority from the corporate Defendant causing loss and resulting in injury mental, emotional and otherwise.

75.    This Count is therefore to allege claims against the individual Defendants, individually, but also to allege that Defendant Veolia is also vicariously responsible for their conduct.

76.    The individual Defendants acted within positions of responsibility on behalf of the Corporate Defendant.  They acted with right or good cause under circumstances causing discriminatory hostile work environment (which Defendants knew of or should have known).  They acted intentionally and willfully in a manner so as to cause damage in the employment relationship between Plaintiff and Veolia without right or justifiable cause.

77.    All Defendants knew of or should have known of individual Defendants' actions and omissions and that they were carried out on behalf of Defendant, even if Defendant would now disagree with those actions upon reasoned analysis.

78.    The individual Defendants are liable for the tortious interference with the employment relationship and/or contractual relationship therefore also implicating the vicarious liability on Defendant Veolia, in addition to individual liability.

79.    As a direct and proximate result of the legal violations referred to above, Plaintiff suffered and will suffer damages as more fully described below.

80.    Defendants' acts and omissions were in reckless disregard of the statutory rights of Plaintiff.  They were legally wanton and/or willful and/or reckless and/or grossly negligent.  Plaintiff's losses and damages at any part of this Complaint are meant to include but not be limited to Plaintiff's discharge and those that resulted therefrom.

## COUNT VII
## CIVIL CONSPIRACY UNDER MISSISSIPPI LAW

81.    Plaintiff re-alleges and incorporates all provisions above and below as if fully incorporated. The claims in this Count alleged in the alternative, and in addition, to each other. They are alleged in the alternative, and in addition, to the claims in the other Counts.

82.    Defendants (along with potentially others) by and through their personnel are reasonably believed to have worked together to accomplish the unlawful purpose of depriving Plaintiff of legal rights, and/or committing torts, and/or committing violations of law (state and/or federal) and/or otherwise causing Plaintiff losses as more fully described in the other parts of this Complaint.

83.    In the alternative and in addition, Defendants may claim a lawful purpose, yet collaborated and worked together to unlawfully carry out any alleged lawful purpose. Defendants conspired so as to cause Plaintiff losses and damages when considering all factors.

84.    As a direct and proximate of Defendants' conduct towards Plaintiff, Plaintiff sustained losses which were fully described in other parts of this Complaint. The losses and damages suffered as a result of the claims in this Count are meant to include all categories and types of damages otherwise mentioned in this Complaint, as well as otherwise available pursuant to any laws implicated by the facts and allegations of this Complaint.

85.    Defendants' acts and omissions were in reckless disregard of the statutory rights of Plaintiff. They were legally wanton and/or willful and/or reckless and/or grossly negligent. Plaintiff's losses and damages at any part of this Complaint are meant to include but not be limited to her discharge and those that resulted therefrom.

18

## DAMAGES INCLUDING, BUT NOT LIMITED TO, PUNITIVE DAMAGES

86.     Plaintiff re-alleges and incorporates all averments set forth in all paragraphs above as if fully incorporated herein.   Plaintiff suffered losses and damages as set forth below and incorporated herein as a result of all Defendants' actions, inactions and breaches. Plaintiff preserves a claim for punitive damages for conduct which was willful and/or wanton and/or in reckless disregard for Plaintiff's civil rights as well as in reckless disregard for the above law (as Plaintiff alleges the conduct was).   Defendants acted in reckless disregard for Plaintiff's civil rights and for the law in their actionable conduct giving rise to the above claims.   In the alternative and in addition, Defendants' actions against Plaintiff were of the kind and character so as to support all damages referred to in this Complaint including but not limited to punitive damages.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS that the Court cause service to issue in this cause upon the Defendants and that this matter be set for trial on each separate claim(s) in each separate Count.  Upon trial by jury thereon, Plaintiff prays that the following relief be granted for each Count, claim, or cause of action against each proper Defendant separately, individually and together.

1. Front pay/lost wages as well as back pay/lost wages to the fullest extent recoverable and to the extent supported if Plaintiff is ever terminated due to this case, his charge, or his allegations, or for discriminatory reasons; lost value of employment benefits of any kind (including but not limited to lost value of any insurance or anything of value Plaintiff received during employment or would have received during or following employment if not for the conduct alleged to the extent supported if Plaintiff is ever terminated due to this case, his charge, or his allegation; lost value of incidentals and other pecuniary losses proximately caused by Defendant's unlawful conduct, as well as all other fair compensation for the acts and omissions referred to;

2. Damages against Defendants in an amount to be determined by the jury for damages

described above and herein and above the minimum jurisdictional amount. Those damages include but are not limited to (recovery for the following categories of damages are sought in the alternative and in addition to each other): compensation for past, present, and future emotional distress or non-economic losses; past, present, and future out of pocket costs and attorney fees; past, present, and future loss of enjoyment of life; past, present, and future pain and suffering; past, present, and future mental anguish; past, present, and future lost wages to the fullest extent recoverable and to the extent supported; loss of wage earning capacity to the extent supported; costs related to medical or mental health treatment or other healthcare which might occur in the future OR which Plaintiff might be recommended to have, or which Plaintiff has had.  Plaintiff otherwise prays for any medical care, counseling, mental health care, psychiatric or psychological care which might be recommended or which might have been recommended, which might occur, or which might have occurred, in the past, present or future, for the past, present and future.  Recovery is sought to be calculated based on each separate claim and cause of action individually to the fullest extent possible. Plaintiff prays for a right to a jury trial under the Constitution for each claim. Plaintiff prays for all other compensatory damages, and other damages Plaintiff may legally recover. Plaintiff also claims all costs, pre-judgment interest, post-judgment interest, costs of this action, expenses of this action, expert witness fees and reasonable attorney's fees and <u>any other damages allowed under actions brought pursuant to all above laws, under which Plaintiff specifically intends to bring this Complaint</u>; and

      3. Plaintiff prays for punitive damages in the maximum amount allowed by law.

      4. Such further relief as is deemed just and proper. (Plaintiff claims all categories of damages recoverable in this action including but not limited to all compensatory and punitive damages).

## JURY TRIAL DEMAND

**Plaintiff demands a jury trial on all matters raised by the Complaint**

**as Respectfully Stated Herein pursuant to the U.S. Constitution**

RESPECTFULLY SUBMITTED THIS THE _15_ day of _Dec_, 2022.

BY THE PLAINTIFF,
ELWANDO BROWN
THROUGH COUNSEL,
MICHAEL R. BROWN, ESQ.

MICHAEL R. BROWN, ESQ.

Michael R. Brown, Esq., (MSBN: 99126)
THE MICHAEL R. BROWN LAW OFFICES, PLLC
120 North Congress Street, Suite 710
Jackson, MS 39201
Tel: (601) 948-5330
Fax: (601) 948-5415
Email: mbrown@mikelawms.com

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| EEOC | 423-2022-00803 |
| | and EEOC |

_____
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Mr. Elwando D. Brown jr | ~~████~~ | |

**Street Address**

~~████████████~~

~~BRANDON, MS████~~

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Veolia North America LLC | 15 - 100 Employees | |

**Street Address**

3810 I-55 s

JACKSON, MS 39212

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address                         City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Retaliation, Race | 12/31/2021 | 03/31/2022 |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began working for the employer in January of 2019 as a Electrician. I have been subjected to harassment and discrimination since I began working.In December of 2021, my supervisor (White) text me saying, "I heard you have the keys to a vehicle, they better be in the box in the morning." I never had the keys, they were found in the box. In February of 2022 my supervisor lied to the plant manager telling him that I leave early each day to take my CDL classes but in fact I had been approved to take off to pick up my daughter from school. Also, in February of 2022, I received the lowest score (2.0) on my performance evaluation and the VP came down to speak with me about it. My supervisor stated, "it was a mistake," I received a 3.5 and never received an apology. My supervisor made comments calling black people, "illiterate monkeys," and "Black SOB's," regarding voting for President Biden and the gas prices. My supervisor also told the security guard, "watch when I go and come, because he has to get rid of me. Even after I contacted HR numerous of times I was still subjected to a racially hostile work environment.I believe I am being discriminated against based on my race and retaliated against for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Mr. Elwando D. Brown jr** 06/07/2022 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Charging Party Signature

EXHIBIT

A

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Mr. Elwando D. Brown, Jr.**<br>**421 Lake Forest Rd., Apt. 11G**<br>**BRANDON, MS 39042** | From:  **Jackson Area Office**<br>**100 West Capitol Street, Suite 338**<br>**Jackson, MS 39269** |

| EEOC Charge No.<br>**423-2022-00803** | EEOC Representative<br>**CASSANDRA EVANS-BROWN,**<br>**Enforcement Investigator** | Telephone No.<br>**769-487-6922** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

    Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the filing date.

    The EEOC is terminating its processing of this charge.

**Equal Pay Act (EPA):** *You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Eszean McDuffey,
Director

Digitally signed by Eszean
McDuffey, Director
Date: 2022.11.03 15:38:50 -05'00'

**Eszean McDuffey**
**Area Director**

Enclosures(s)

cc:   **Tracy Kern**
      **Jones Walker**
      **201 SAINT CHARLES AVE STE 5100**
      **New Orleans, LA 70170**

      **Daryll J Neuser**
      **Veolia North America, LLC**
      **daryll.neuser@veolia.com Suite 175**
      **Milwaukee, WI 53214**

      **Michael Brown**
      **The Michael R. Brown Law Office PLLC**
      **120 N. Congress St. #710**
      **JACKSON, MS 39201**



THE MICHAEL R. BROWN LAW OFFICES, PLLC
120 N. CONGRESS ST. | SUITE 710 | JACKSON, MISSISSIPPI 39201

October 20, 2022

To: US EEOC via Online Portal

Re:    **EEOC Charge Number: 423-2022-00803- Jackson Area Office**
       **Charging Party: Mr. Elwando D. Brown, Jr.**

Dear EEOC:

Thank you for your time and attention to this matter. This is to respond to the August 11th Position Statement submitted by the Tracey E. Kern on behalf of Respondent Veolia North America, LLC.

This is set forth while reserving the right to address anything stated by Respondent in litigation or as discovery is ongoing. While Mr. Brown chooses to address certain things, this shall not prejudice his right to address other things more fully and should no way be considered encompassing his entire position or response to Respondent. This is based on a current assessment of the information made available. Not much information has been made available. My client reserves the right to deny and dispute anything stated by the Defendant. My client reserves the right to any additional or alternative analysis in the future. There is not significant information with which to fully assess this matter which necessarily depends on discovery. This shall be treated as confidential. Plaintiff reserves the right to object to disclosure of this information regardless of whether it is contained within any official EEOC file.

Respondent points out that regarding the allegation regarding the vehicle key itemized as No.1 on Page 5 of the Position Statement, Plaintiff was singled out because around 6pm he received a text from his former Supervisor, Bryce Massey that said Massey did not care but 102557 keys better be in the box the next day. 102557 is not the van Mr. Brown was responsible for and Massey was essentially threatening Plaintiff improperly and without any foundation.

Regarding the lie allegation referred to in No. 2 of the Position Statement, Page 5, Massey lied because he already knew Plaintiff was leaving early to pick up his daughter. Shannon Moore told him in the maintenance morning meeting and also told Massey to make sure Massey left something to do in the morning as Plaintiff was reporting to work an hour early. A few days later, Massey went to Shannon and told him that Mr. Brown said he was leaving to attend school, after which there was a meeting. Plaintiff was then questioned by Shannon who told Plaintiff that Plaintiff told Massey a different story. It came out later that Massey lied and admitted to Shannon that Plaintiff did not tell him

1

anything, that Plaintiff was not even present for work, and that Massey heard it from a Third-Party source.

With regard to the performance evaluation allegation in Item 3, Plaintiff reserves the right to address this further as discovery is ongoing and relies upon his original Charge.

With regard to the racial slur allegations in Item 4, Plaintiff witnessed Massey making racial slurs as stated in his Charge.

With regard to Item 5, the security guard allegation, Plaintiff believes the proof will show that Massey expressed to Rick from security that Massey wanted to see the Log Book and to let Massey know anytime Plaintiff left the gate because Massey did not like Plaintiff. Plaintiff reserves the right to defer to any witness testimony to the extent Plaintiff agrees it is accurate. It is reasonably believed that Massey asked who was the white person that dropped Plaintiff off at the gate. Plaintiff relies upon the allegations in his Charge.

With regard to Item 6, Plaintiff reported to Shannon many times about how Massey was harassing him and finding ways to write him up and get him fired. Shannon indicated he would take care of it and that Plaintiff should not go over Shannon's head. Plaintiff was specifically directed not to. The climate got worse, escalated, and continued in retaliation after Plaintiff spoke with Shannon and reached out to Human Resources.

Plaintiff anticipates that these matters will be further explored in litigation. For the above and foregoing reasons, Plaintiff requests a "With Cause" determination.

Sincerely,

Michael R. Brown

MRB/jj

2