```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION


ELWANDO BROWN                                             PLAINTIFF

VS.                          CIVIL ACTION NO. 3:23-cv-00086-TSL-LGI

VEOLIA WATER NORTH AMERICA
OPERATING SERVICES, LLC;
BRICE MASSEY; KELVIN PETERS;
AND JOHN AND JANE DOES 1-5                               DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants Veolia Water North America Operating Services, LLC (Veolia) and Brice Massey to dismiss certain of plaintiff Elwando Brown's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Brown has responded in opposition to the motion, and the court, having considered the memoranda of authorities submitted by the parties, concludes the motion is well taken and should be granted.

According to the allegations of the first amended complaint, plaintiff, who is African American, started work for defendant in November 2019 as a maintenance tech level 2. Soon thereafter, he was subjected to a racially hostile work environment. The source of the harassment initially was defendant Kelvin Peters. Plaintiff alleges that Peters frequently made racist comments, such as referring to African

1

American people as "monkeys" and stating that black people are easy to replace and that black people can go back to Africa; referring to the fact that a "white girl" dropped plaintiff off to work; on one occasion, having plaintiff and another African American cut fence vines – even though this was not part of their job duties -- in extreme heat with kaiser blades that were not suited to the task; on another occasion, in November 2019, singling out plaintiff for a drug test after plaintiff sustained a work injury and telling plaintiff after he passed the drug test that he, Peters, "would not stop until Plaintiff was fired;" wrongly accusing plaintiff of messing up a piece of conduit and writing him up (which write-up was thrown out because it was unsupported); and repeatedly threatening to terminate plaintiff, using hostile and offensive racially harassing language in so doing, including saying that Veolia "could get rid of Plaintiff because even a monkey can turn a wrench."

Peters left Veolia's employment in the Spring of 2020, but according to plaintiff's allegations, the harassment continued, perpetrated by defendant Brice Massey, plaintiff's supervisor. Plaintiff alleges that Massey would often comment and express frustration over his belief that African American people could do whatever they want; that Massey expressed frustration that "black folks" did not vote for Trump and commented that "black

2

folks" voted for Joe Biden, which is why gas prices are too high; that Massey regularly made other racist comments, including referring to "black sons of bit****," being sick of "black s.o.b's," calling African Americans "illiterate monkeys," stating that black people were good for working because they were strong, and referring to plaintiff as "boy;" and that on multiple occasions, Massey gave plaintiff unsupported write-ups and threatened to terminate his employment, using racially offensive language in a hostile, abusive context in doing so.

On June 7, 2022, plaintiff, still employed by Veolia, filed a charge of discrimination with the EEOC complaining of race discrimination and retaliation. After receiving a notice of right to sue, he filed the present action, purporting to assert claims for race discrimination (based on disparate treatment and hostile work environment) and retaliation under Title VII and 42 U.S.C. § 1981; breach of contract; intentional infliction of emotional distress; intentional interference with employment relationship; and civil conspiracy. Defendants Veolia and Massey moved for partial dismissal of plaintiff's original complaint, seeking dismissal, specifically, of plaintiff's Title VII/42 U.S.C. § 1981 disparate treatment race discrimination claim for lack of an adverse employment action; his retaliation claim for lack of a materially adverse employment action; his Title VII claim against Massey, as Massey

3

is not a Title VII "employer"; his Title VII claim for harassment based on actions by Kelvin Peters, on the basis that any such claim was time-barred (his EEOC charge having been filed more than 300 days after Peters left Veolia's employment); his state law breach of contract claim, as he had no employment contract; his intentional interference with employment relationship claim against Massey and/or Veolia, as he has alleged no cognizable harm; and his civil conspiracy claim against Veolia and/or Massey, since under the intra-corporate conspiracy doctrine, a corporation (and its employees acting in the course and scope of employment) cannot conspire with itself.

After defendants filed their motion, plaintiff filed an amended complaint that omitted most (but not all) of the claims that were the subject of that first motion to dismiss. In light of the amended complaint, the court denied the first motion to dismiss as moot. Defendants then filed the present motion for partial dismissal since the amended complaint still includes the following claims that were addressed in the original motion to dismiss and that are now the subject of the present motion to dismiss: (1) Title VII/§ 1981 claims against Veolia and § 1981 claim against Massey for retaliation, and (2) tortious

interference with employment relationship claim against Peters and Massey and against Veolia based on respondeat superior.[1]

Rule 12(b)(6) Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter which, when taken as true, states 'a claim to relief that is plausible on its face.'" Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc., 892 F.3d 719, 726 (5th Cir. 2018) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  A complaint "does not need detailed factual allegations," but the facts alleged "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555, 127 S. Ct. 1955.

---

[1] Defendants also point to a reference in the amended complaint to a "pattern and practice" and argue that to the extent that plaintiff may be attempting to assert a pattern and practice claim, such claim must be dismissed as a private, individual litigant may not assert any pattern or practice claims. See Frank v. Xerox Corp., 347 F.3d 130, 136 (5th Cir. 2003) (pattern or practice method of proof was not available in a private, non-class action lawsuit).  Plaintiff states in his response that he is not attempting to assert such a claim.

5

Title VII/Section 1981:   Retaliation

Title VII prohibits an employer from taking adverse employment action against an employee because he engages in a protected activity, such as complaining of racial discrimination or harassment.  Foley v. Univ. of Hous. Sys., 355 F.3d 333, 339 (5th Cir. 2003).  Section 1981, which prohibits race discrimination, also encompasses retaliation claims.  CBOCS West, Inc. v. Humphries, 553 U.S. 442, 446, 128 S. Ct. 1951, 170 L. Ed. 2d 864 (2008).  "Retaliation claims under § 1981 and Title VII ... are parallel causes of action" which "require[] proof of the same elements in order to establish liability." Foley, 355 F.3d at 340 n.8.  To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff is not required to make out a prima facie case of discrimination under the familiar McDonnell Douglas evidentiary standard. Raj v. La. State Univ., 714 F.3d 322, 331 (5th Cir. 2013) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-11, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)).  He is, however, required to "plead sufficient facts on all of the ultimate elements of [a retaliation] claim to make his case plausible."  Besser v. Texas General Land Office, 834 Fed. App'x 876, 881 (5th Cir. 2020) (bracket added).  See also Wright v. Union Pacific R.R. Co., 990 F.3d 428, 433 (5th Cir. 2021) (retaliation plaintiff must only plead elements of claim, not substantiate claim with evidence,

6

at pleading stage).  The elements a plaintiff must plead and ultimately prove on a retaliation claim are that 1) he engaged in protected activity, 2) he suffered an adverse employment action, and 3) a causal link exists between the protected activity and the adverse employment action.  Wright, 990 F.3d at 433 (citing Long v. Eastfield College, 88 F.3d 300, 304 (5th Cir. 1996)).

Veolia and Massey contend that plaintiff has failed to state an actionable Title VII/§ 1981 retaliation claim because he has not alleged that he suffered an adverse employment action.  An adverse employment action for purposes of a retaliation claim is an action that is "materially adverse," which means that it "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 67, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006)).  Defendants note that plaintiff, who remains employed by Veolia, does not allege that he was ever demoted, discharged or given less desirable or more onerous work assignments or allege that he experienced any loss of pay or benefits at any time.  Instead, his retaliation claims are based solely on allegations that after he allegedly reported racial harassment, he continued to be subjected to severe harassment, primarily in the form of "animosity [and] anger"; unwarranted write-ups that were subsequently removed;

7

and multiple "hostile and abusive" threats of termination which always were either accompanied by racially offensive language or occurred in the context of racial abuse. Defendants contend that, as a matter of law, this does not constitute "materially adverse" conduct, as is required to state an actionable retaliation claim. Plaintiff insists in his response that he has stated a viable claim because "[r]egular hostile harassment of the most serious kind, combined with particularly abusive threats of termination, would discourage a reasonable worker from asserting their rights."

In substance, plaintiff alleges that after he complained about racial harassment, amounting to a racially hostile work environment, he continued to be subjected to severe harassment. He specifically alleges that he "was retaliated against by an increasingly hostile work environment as a result of Plaintiff's complaints." This does not state a viable claim for relief. The Fifth Circuit has repeatedly pointed out, including very recently, that it "'[has] not recognized a retaliatory hostile work environment cause of action.'" McCloud v. McDonough, No. 22-10357, 2023 WL 2525656, at *3 (5th Cir. Mar. 15, 2023) (quoting Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll., 850 F.3d 731, 741 n.5 (5th Cir. 2017), citing Montgomery-Smith v. George, 810 F. App'x 252, 258 (5th Cir. 2020), and concluding on this basis that district court

correctly granted summary judgment for defendant employer on retaliation claim). For that reason, plaintiff's retaliation claim fails.

Even if the Fifth Circuit did recognize such a claim, and even if plaintiff's allegations were sufficient to establish a hostile work environment, his claim would still fail because his allegations are insufficient to demonstrate the existence of a causal link between his protected activity and the alleged adverse employment action. "An employment decision is not an adverse action if it does not objectively worsen the employee's working conditions." Hudson v. Lincare, Inc., 58 F.4th 222, 232 (5th Cir. 2023) (citing Wheat v. Fla. Par. Juv. Just. Comm'n, 811 F.3d 702, 709 (5th Cir. 2016)). The allegation that plaintiff was subjected to harassment, allegedly amounting to a hostile work environment, both before and after he complained about being subjected to harassment, cannot support, and indeed belies any reasonable finding of finding of causation. See Everett v. Cent. Miss., Inc. Head Start Program, 444 F. App'x 38, 47 (5th Cir. 2011) (employee could not state a retaliation claim based on allegedly unfair discipline because the discipline could not be causally connected to protected activity when the employee was disciplined both before and after the protected activity); accord Body by Cook, Inc. v. State Farm Mut. Auto. Ins., 869 F.3d 381, 390 (5th Cir. 2017) (finding no

9

causal connection in a § 1981 retaliation claim where "the Complaint alleges that Defendants refused to contract with Plaintiffs both before and after Plaintiffs complained about racial discrimination").

The court recognizes that plaintiff's complaint does recite that the harassment he experienced "escalated" after he complained. The complaint is unclear, to say the least, about the timing of events; but even construed most liberally in plaintiff's favor, there are no facts to show that the alleged harassment increased, i.e., that its severity or pervasiveness was altered in any material way: the ongoing racial slurs and comments, criticisms of his job performance and threats of termination are clearly alleged to have occurred both before and after plaintiff began complaining about Peters', and later Massey's alleged racial harassment. The only specific conduct plaintiff has identified that could arguably be said to be different in nature than the pre-complaint harassment he claims he experienced, is as follows: (1) Massey once gave him a low score (2.0) on a performance evaluation, and although Massey later said that it was a mistake, he never apologized; (2) Massey once told plaintiff, "I heard you have keys to [a certain] truck. They had better be in the box by morning," when, in fact, plaintiff did not have the keys and the keys were found in the box; and (3) Massey once lied to the plant manager,

10

telling him that plaintiff said he was leaving work early for CDL training whereas plaintiff had told the plant manager he was leaving early to pick up his daughter, and when plaintiff was confronted by the plant manager, Massey admitted what he reported had come from a third party, not from plaintiff.[2]  None of these alleged incidents, however, could reasonably be found to qualify as "materially adverse."

For these reasons, the court concludes that plaintiff's retaliation claim fails as a matter of law and will be dismissed.[3]

### Intentional Interference with Employment Relationship

Plaintiff, who acknowledges he is an at-will employee of Veolia, has asserted a claim against Massey and Peters for intentional interference with his employment relationship with Veolia, his theory of recovery being that their unrelenting harassment has resulting in "injury, mental, emotional and otherwise."  The Mississippi Supreme Court has held that "a claim for tortious interference with at-will contracts of

---

[2]  These incidents are described in plaintiff's EEOC charge and his reply to the employer's response to his EEOC charge, which documents are attached to the complaint and incorporated in the complaint.

[3]  Since plaintiff has not stated a cognizable retaliation claim, the claim will be dismissed as to defendant Peters, as well as Veolia and Massey.

11

employment is viable in this state...." Levens v. Campbell, 733 So. 2d 753, 760 (Miss. 1999). To prevail on this claim, plaintiff must establish that (1) defendants' acts were intentional and willful; (2) the acts were calculated to cause damages to the plaintiff in his lawful business; (3) they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant; and (4) actual loss occurred. Id. at 760-61. Defendants contend, and in the court's opinion correctly, that plaintiff's allegation that he suffered emotional harm as a result of Peters' and Massey's alleged harassment does not state a viable claim for relief. See Eaker v. City of Moss Point, Miss., Civil No. 1:20cv84-HSO-JCG, 2021 WL 6618594, at *11 (S.D. Miss. Feb. 26, 2021) (holding that "anxiety and stress are not considered cognizable injuries sufficient to support a claim for tortious interference with employment," and citing Campbell v. Novartis Pharm. Co., No. 2:18-CV-116-KS-MTP, 2020 WL 3452240, at *4 (S.D. Miss. Mar. 30, 2020), aff'd, No. 20-60348, 2020 WL 6948990 (5th Cir. Nov. 25, 2020) ("Plaintiff argues that she suffered anxiety and emotional damages, but she has not cited any Mississippi case law holding that such damages are sufficient to satisfy the 'actual loss' element of a claim for tortious interference.")); cf. Joseph v. City of Moss Point, Miss., Civil No. 1:20cv88-HSO-JCG, 2021 WL 6752167, at *6 (S.D. Miss. Feb. 26, 2021)

(dismissing tortious interference with employment claim where plaintiff alleged only that she was transferred, but the transfer was not a demotion and did not result in lower pay); Brown v. Lofton Security Servs., Inc., Civil No. 3:20CV614TSL-RPM, 2022 WL 56575, at *2 (S.D. Miss. Jan 3, 2022) (denying defense motion for summary judgment on intentional interference with employment claim where plaintiff, who was terminated from employment, presented evidence that defendants took actions designed to get him fired in retaliation for his reporting alleged sexual harassment of subordinate employee).[4]  This claim will be dismissed as to all defendants.

Conclusion

Based on the foregoing, it is ordered that defendants' motion for partial dismissal is granted.

SO ORDERED this 16th day of May, 2023.

/s/ Tom S. Lee
UNITED STATED DISTRICT JUDGE

---

[4] The court does not find the court's opinion in Handy v. U.S. Foods, Inc., No. 3:14-CV-854-CWR-LRA, 2015 WL 1637336 (S.D. Miss. Apr. 13, 2015), cited by plaintiffs, to be informative, as the defendant in Handy argued for dismissal of the intentional interference claim based solely on his contention that he could not be liable as he was not a stranger to the employment relationship.  He did not argue, and Judge Reeves did not address, whether the plaintiff had had alleged a cognizable loss.

13